Elizabeth JOSEPH

v.

INTERNAL REVENUE SERVICE.

Civ. A. No. 83–305–Z.

United States District Court,
D. Massachusetts.

July 1, 1983.

Elizabeth Joseph, pro se.

James M. Shaker, Trial Atty. Tax Div., Dept. of Justice, Washington, D.C., for I.R.S.

## MEMORANDUM OF DECISION

ZOBEL, District Judge.

Plaintiff earned less than $3,000 during the year 1978, but from the amount she had earned approximately $200 was withheld for Federal income taxes. The complaint, filed on February 3, 1983, alleges that plaintiff was informed at the office of the Internal Revenue Service, Quincy, Massachusetts, that she was not eligible to submit a return for 1978. She learned much later that she would have to file a return for 1978 in order to claim a refund of the withheld taxes. She filed the return on November 9, 1982 and the Service disallowed the claim by letter dated January 6, 1983. This pro se complaint for the refund followed. The case is now before me on the motion of the United States * for summary judgment. The motion is allowed.

Section 6511(a) of the Internal Revenue Code, 26 U.S.C. § 6511(a), provides in relevant part that a claim for refund must be filed within three years from the time the return was filed. Pursuant to Section 301–6402–3(a)(1) of Treasury Regulations, 26 C.F.R. § 301.6402–3(a)(1), the filing of the return is treated as a claim for refund. Accordingly, since both are deemed to have been filed at the same time, the claim for refund was clearly made within three years from the time the return was filed. However, Section 6511(b)(2) limits the amount of the refund under these circumstances to the tax paid within three years *preceding* the filing of the claim. For purposes of this section, the tax withheld from plaintiff's earnings during 1978, which she is claiming, is deemed to have been paid on April 15, 1979, more than three years before the claim for refund. 26 U.S.C. § 6513(b)(1). Under these circumstances, the statute bars allowance of the refund. *Johnson v. United States*, 48 A.F.T.R.2d 81–5672 (N.D.Ill. July 16, 1981); *Estate of Cowan v. Dept. of Treasury, Internal Revenue Service*, 48 A.F.T.R.2d 81–5212 (S.D. N.Y. May 22, 1981); *Mullin v. United States*, 77–2 U.S.T.C., para. 9689 (E.D.Mo. 1977).

Plaintiff relies on the alleged misrepresentation by an unidentified person in the Internal Revenue office and implicit in her

---

* Although the named defendant is "Internal Revenue," the United States of America is the proper party in a suit for refund of taxes, 26 U.S.C. § 7422(f).

allegation appears to be an equitable estoppel argument. However, it is clear that "general principles of equity may not override statutory requirements for timely filing of tax refund claims." *Republic Petroleum Corp. v. United States*, 613 F.2d 518, 527 (5th Cir.1980) *quoting Kingston Products v. United States*, 368 F.2d 281, 388, (Ct.Cl.1966).

Because the facts underlying plaintiff's claim are undisputed and defendant is entitled to judgment as a matter of law, the motion for summary judgment is allowed.

